SOVINE, APPELLANT; OHIO CIVIL SERVICE EMPLOYEES ASSN. ET AL., APPELLEES, *v.* TEATER ET AL., APPELLEES.

[Cite as Sovine v. Teater (1976), 47 Ohio App. 2d 254.]

(No. 75AP-376—Decided January 13, 1976.)

*Messrs. Prendergast, Albright, Gibson, Brown & Newman,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Bruce E. Crider,* for appellees Robert Teater and Richard Krabach.

*Messrs. Taft, Stettinius & Hollister* and *Mr. Joseph W. Freeman, Jr.,* for appellees Ohio Inns, Inc., and Douglas Ruth.

McCormac, J. Plaintiff Catherine Sovine, the appellant herein and an employee of the state of Ohio at Mohican State Lodge, sought a temporary and permanent injunction against the director of the department of natural resources to prevent the leasing of the facility to a private entity, Ohio Inns, Inc. The trial court declined to issue an injunction and dismissed the complaint.

Appellant contends that the state of Ohio cannot lease state facilities to a private concern if the contract results in replacing public employees with private employees. Defendants have moved to dismiss the appeal on the grounds that the issues are moot. The case is before us on the motion and the merits.

The motion to dismiss is not well taken and is overruled. Although the department of natural resources entered into a contract with Ohio Inns, Inc., turning over operational responsibility to them on June 8, 1975, an effective judgment can still be rendered on appellant's behalf. Civ. R. 54(C) permits the court to render such judgment as is applicable in a contested proceeding even if it is not demanded. Appellant is not restricted to the relief demanded in the prayer of the complaint. The assignment of error is also not well taken and is overruled.

R. C. 1501.09 provides that facilities such as Mohican State Lodge "may be leased by the department of natural resources for the operation thereof as provided in section 1501.10 of the Revised Code, or may be operated by any person, firm, partnership, association, or corporation under contract with the director of natural resources as provided in section 1501.091 of the Revised Code * * *."

Appellant concedes that the facility may have been leased or operated under a contract with a private entity initially, but contends that if control is transferred after it has been operated by the state where the result would be, as in the instant case, the replacement of public employees with private employees, the transfer is unlawful as being in contravention of civil service statutes and Section 10, Article XV of the Ohio Constitution.

Defendants argue that there is specific statutory auth-

ority for transferring the operation of facilities of the department of natural resources to a private entity and say that the decision to do so may be made at any time, based on economic or business reasons, even if it results in the transfer or layoff of state employees. No proof was offered that defendants' motives were other than economic.

Section 10, Article XV of the Ohio Constitution provides:

"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, so far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

R. C. 124.06 provides, in pertinent part, as follows:

"No person shall be appointed, removed, transferred, laid off, suspended, reinstated, promoted, or reduced as an officer or employee in the civil service, in any manner or by any means other than those prescribed in this chapter and the rules of the director of administrative services or the municipal or civil service township civil service commission within their respective jurisdictions."

The question then is whether R. C. 1501.09 is in conflict with the Ohio Constitution and the civil service statutes as utilized in the present case. The answer is clearly no. By enacting R. C. 1501.09, the General Assembly recognized that there may be sound business and economic reasons why the public is better served by private rather than state operation of certain public service facilities. In so doing, there is no conflict with civil service laws, even though the state no longer can offer employment at that facility. The civil service laws are designed to provide more efficient, career public service through impartial selection and retention of public employees resulting in a business, rather than a political, decision to the public benefit. The discretion vested in the department of natural resources to contract for the operation of facilities provides for a business decision for the benefit of the tax burdened public. Consequently, in principle and in operation, R. C. 1501.09 and the civil service laws are in conformity rather than in conflict.

Even without express statutory authority, it has been held that contracting out the performance of a governmental service formerly performed by public employees does not in itself violate the rights of civil service employees. See *State, ex rel. Sigall*, v. *Aetna Cleaning Contractors of Cleveland, Inc.* (1976), 45 Ohio St. 2d 308.

A leasing of facilities under express statutory authority is distinguishable from the replacing of a public employee by a private employee who performs the same job through an "independent contractor" agreement. These and other attempts to circumvent civil service laws and to reinstate the spoils system are subject to attack in the courts. However, the trial court's finding of fact in this case is that the department acted in good faith and made a change that would be financially beneficial to the state of Ohio. Appellant has not challenged that finding and did not offer any evidence to the contrary at the hearing.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.